UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL PRICE | CIVIL ACTION |
| VERSUS | NO. 14-1832 |
| LAW FIRM OF EDWIN SHORTY, JR., ET AL. | SECTION "L" |

### ORDER AND REASONS

Before the Court are three motions: two motions to dismiss for failure to state a claim and lack of jurisdiction and a motion for sanctions. (Rec. Docs. 4, 7, 16). The Court has considered the parties' memoranda and the applicable law and now issues this order.

### I.  BACKGROUND

This case involves allegations of a mismanaged legal case following Plaintiff Cheryl Price's 2013 automobile accident. Ms. Price was hospitalized with injuries from the accident. After her accident, Ms. Price hired the law firm of Mr. Edwin Shorty to represent her. Mr. Shorty secured a settlement. As part of the settlement, the insurance company issued a check for approximately $4,000, which Mr. Shorty deposited in his firm's IOLTA trust account.[1] Apparently, however, a lien from the Louisiana Department of Health and Hospitals ("DHH") prevented immediate disbursement of the $4,000 to Ms. Price. Mr. Shorty states that the insurer's $4,000 check included "Medicaid Recovery" as a payee, seemingly reflecting the lien issue. Mr. Shorty reports that he investigated the source and value of lien with DHH. According to Mr. Shorty, he communicated these events to Ms. Price and informed her that he could not release the money until the lien issue was resolved. When Mr. Shorty did not immediately disperse the

---

[1] According to Mr. Shorty, the other part of the settlement funds, $6,000, was also properly deposited in the IOLTA trust account and timely distributed to Ms. Price, without delay. Ms. Price does not mention the $6,000.

settlement funds, Ms. Price filed a complaint against Mr. Shorty to the Louisiana Attorney Disciplinary Board. The Board conducted an investigation and concluded that no disciplinary action was warranted. Mr. Shorty indicates that his firm ultimately endorsed the $4,000 check and released it to Ms. Price.

Ms. Price thereafter filed the instant action pro se against Mr. Shorty, the "Louisiana Employment Disciplinary Council" (properly called the Louisiana Attorney Disciplinary Board), the Louisiana Office of Risk Management, and Robert McClendon, the state investigator for the Board. Ms. Price claims violations under the Due Process of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985, and state law. She seeks compensatory and punitive damages.

## II. PRESENT MOTIONS

### A. Motions to Dismiss

All Defendants move to dismiss in two separate motions. (Rec. Docs. 4, 16). First, the Louisiana Attorney Disciplinary Board, the Louisiana Office of Risk Management, and Robert McClendon (collectively, the "State Defendants"), assert immunity under the Eleventh Amendment. (Rec. Doc. 4). The State Defendants also assert that they are entitled to absolute immunity against the alleged constitution violations, as the Board acts as prosecutors in attorney disciplinary proceedings. Moreover, the States Defendants assert that to the extent they are being sued in an individual capacity, they are entitled to qualified immunity because Ms. Price has not demonstrated a constitutional violation or objective unreasonableness.

Mr. Shorty argues for dismissal because (1) the complaint does not reveal any facts supporting a constitutional violation and (2) he was not acting as a state actor, but rather in his private capacity as an attorney. (Rec. Doc. 16). Mr. Shorty further argues for dismissal of the

state law claims because the Court lacks supplemental jurisdiction without any federal cause of action.

Ms. Price responds in opposition to both motions. (Rec. Docs. 15, 18). She argues that any person may fall within the scope of a §1983 claim, and that Mr. Shorty's unlawful possession of her property confers a federal right. She further argues that the failure of the State Defendants to enforce state policy constitutes negligence in contravention of the federal constitution and federal law.

### B. Sanctions

Ms. Price moves for sanctions and injunctive relief. (Rec. Doc. 7). She argues that the Court should sanction Mr. Price for his conduct and enjoin him from "any further dilatory technicalities."

### III. DISCUSSION

#### A. Standard of Law

Ordinarily, the Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

      B.      Analysis

To survive a motion to dismiss here, Ms. Price must allege facts sufficient to make plausible her claims for a federal cause of action under the Due Process Clause of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and/or 1985. As described below, her claims do not plausibly establish any of these federal causes of action.

      1.      **State Defendants**

First, the Eleventh Amendment requires dismissal of the State Defendants. As explained by the Fifth Circuit:

> The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. That amendment may not be evaded by suing state employees in their official capacity because such an indirect pleading device remains in essence a claim upon the state treasury. State officials sued in their official capacity are not deemed "persons" subject to suit within the meaning of § 1983.

*Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994) (internal citations omitted). Here, Ms. Price's claims against state officials attempt to serve as an "indirect pleading device" against the state. Therefore, the claims must be dismissed.

Second, the claims of Ms. Price must be dismissed because she does not plausibly put forth a claim for a constitutional violation. Rather, she alleges negligence of state officials in their official capacity. Ms. Price's claims against the State Defendants are based on their duties to investigate and prosecute attorney misconduct. Supreme Court precedent holds that prosecutors are entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). The Fifth Circuit has held that state investigators of the Texas Unauthorized Practice of Law Committee are entitled to absolute immunity because their actions are analogous to public

4

prosecutors and agency officials in the administrative adjudication process. *Green*, 27 F.3d at 1088. The claims against the State Defendants here, investigating and prosecuting attorney misconduct, are just like the state officials entitled to protection in *Green*. Therefore, the claims against the State Defendants must be dismissed.

### 2. Mr. Shorty

The claims against Mr. Shorty also must be dismissed. Notably, Mr. Short is not a state actor, but was acting within his private capacity. "A private party may be held liable under § 1983 if he or she is a willful participant in joint activity with the state or its agents." *Green*, 27 F.3d at 1088 (internal quotation omitted). Just as in *Green*, Ms. Price has "failed to aver facts that suggest that an agreement existed among the state and private actors to deprive [her] of [her] constitutional rights." *Id.* This same rationale, particularly where Ms. Price fails to plausibly demonstrate any conspiracy, indicates that the § 1985 claims against Mr. Shorty must also be dismissed. *See id.* Without any federal cause of action, the state law claims are also subject to dismissal.

### 3. Sanctions

Ms. Price has not put forth any basis or reason to impose sanctions or enjoin Mr. Shorty. Therefore, the Court declines to do so.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the motions to dismiss are **GRANTED**;

**IT IS FURTHER ORDERED** that the motion for sanctions and injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that the claims of Ms. Price are **DISMISSED**.

New Orleans, Louisiana, this 18th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE